■ Gale J. May, Individually and as Mother and Natural Guardian of James May, an Infant, Respondent, v Town of Islip, Appellant, et al., Defendants. [616 NYS2d 769] —In an action to recover damages for personal injuries, etc., the defendant Town of Islip appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated November 30, 1992, as denied its motion for summary judgment dismissing the complaint and all cross claims against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant Town of Islip's motion for summary judgment dismissing the complaint and all cross claims against it is granted, and the action against the remaining defendants is severed.

The Town of Islip (hereinafter the Town) made a prima facie showing of its entitlement to summary judgment by establishing that it neither maintained nor controlled the traffic signal at the intersection where the automobile acci-

dent occurred and by establishing that the trees which allegedly obstructed the drivers' views of each other were outside of the Town's geographical boundaries. The burden then shifted to the opposing parties to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which would require a trial of the action *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Since the opposing parties in this case failed to meet their burden of raising a triable issue of fact with regard to whether there is any nexus between the Town and the allegedly defective conditions, the Town is entitled to summary judgment in its favor. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.